WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-25-01135-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Miguel Guillermo Valenzuela-Muro, | |
| Defendant. | |

Pending before the Court are the Government's Motions in Limine to Admit Certified Records Without Requiring Live Testimony by Records Custodians (Doc. 29), Prohibit Argument that Defendant was Not Required to Obtain Consent to Reenter the United States (Doc. 30), and Preclude Collateral Attack of Defendant's Prior Removal (Doc. 31). The Court heard the parties' arguments at the final pretrial conference on October 1, 2025. At the conference, the Court made rulings on the Government's three motions on the record. (Doc. 35). This Order serves to memorialize those rulings. (*Id.*).

**A.  Motion to Admit Certified Records Without Requiring Live Testimony by Records Custodians**

First, the Government moved to admit the following eight documents from Defendant's Alien file ("A-file"), pursuant to the public records exception to the hearsay rule under Fed. R. Evid. 803(8):

1. Form I-867A, Record of Sworn Statement by Defendant, dated May 10, 2016 ("Exhibit 1"). (Doc. 29-1 at 1-5).

2. Form I-867B, Jurat for Record of Sworn Statement by

Defendant, dated May 10, 2016 ("Exhibit 2").  (*Id.* at 6-8).

3. 10-print fingerprint exemplar of Defendant, dated May 9, 2016 ("Exhibit 3").  (*Id.* at 9-12).

4. Form I-296, Notice to Alien Ordered Removed/Departure Verification, dated May 10, 2016, and Departure Verification, dated May 13, 2016 ("Exhibit 4").  (*Id.* at 13-15).

5. Form I-860, Notice and Order of Expedited Removal, dated May 10, 2016 ("Exhibit 5").  (*Id.* at 16-18).

6. 10-print fingerprint exemplar of Defendant, dated August 1, 2025 ("Exhibit 6").  (*Id.* at 19-22).

7. Mexico Census Document for the Defendant, dated July 11, 2025 ("Exhibit 7").  (*Id.* at 23-25).

8. Mexico Voter Registration Identification for the Defendant ("Exhibit 8").  (*Id.* at 26-28).

Defendant only argued that the Government's motion should be denied with regard to the two foreign documents: Exhibits 7 and 8.  (Doc. 33).  Defendant did not contest that Exhibits 1 through 6 are admissible under the public records exception.  (*Id.*).

The Court granted the Government's motion with regard to the first six documents, given the lack of opposition from Defendant.  Additionally, at the status conference, the Government stated that it had conferred with Defendant's counsel and that it was withdrawing its request to admit Exhibits 7 and 8 under Fed. R. Evid. 803(8).  The Court thus denied the Government's motion with regard to Exhibits 7 and 8.

**B.     Motion in Limine to Prohibit Argument that Defendant was Not Required to Obtain Consent to Reenter the United States**

Second, the Government moved to preclude Defendant from arguing at trial "that reentry more than five years after his prior deportation—without the consent of the Attorney General or Secretary of the Department of Homeland Security—operates as a complete defense to an 8 U.S.C. § 1326 charge." (Doc. 30 at 1).  Defendant opposed the Government's motion.  (Doc. 34).

The Court denied the Government's motion.  Since the Government's motion raised

a purely legal issue, the Court afforded Defendant the opportunity to present his argument at trial.

### C. Motion in Limine to Preclude Collateral Attack of Defendant's Prior Removal

Lastly, the Government moved to preclude Defendant from collaterally attacking his May 2016 removal order because "the issue should have been fully litigated prior to trial through a pre-trial motion challenging the lawfulness of the removal order under 8 U.S.C. § 1326(d)." (Doc 31 at 1-2 (citing *United States v. Hernandez-Rojas*, 617 F.2d 533, 535 (9th Cir. 1980))). Defendant did not file a response to the Government's motion in limine.

The Court granted the Government's motion. At the status conference, counsel for Defendant stated that he did not object to the Government's motion.

## CONCLUSION

Accordingly, for the reasons stated above, and for the reasons stated on the record on October 1, 2025,

**IT IS THEREFORE ORDERED** that the Government's Motion to Admit Certified Records Without Requiring Live Testimony by Records Custodians (Doc. 29) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the Government's Motion In Limine to Prohibit Argument that Defendant was Not Required to Obtain Consent to Reenter the United States (Doc. 30) is **DENIED.**

**IT IS FURTHER ORDERED** that the Government's Motion In Limine to Preclude Collateral Attack of Defendant's Prior Removal (Doc. 31) is **GRANTED.**

Dated this 14th day of November, 2025.

_____
G. Murray Snow
Senior United States District Judge